**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BRENNAN MITCHELL** <br><br> **Plaintiff,** <br><br> **VERSUS** <br><br> **BH CONTRACTORS, LLC IN TEXAS** and **T.T. BARGE CLEANING MILE 183, LLC** <br><br> **Defendant** | **CIVIL ACTION NO: 2:18-cv-00748** <br><br><br> **DISTRICT JUDGE (SECTION "J")** <br> **HON. CARL J. BARBIER** <br><br> **MAGISTRATE JUDGE (4)** <br> **HON. KAREN WELLS ROBY** |

**ANSWER TO PLAINTIFF, BRENNAN MITCHELL'S SEAMAN'S SUIT**

**NOW INTO COURT**, through undersigned counsel comes defendant, T.T. Barge Cleaning Mile 183, LLC ("T.T. Barge" or "Defendant"), which responds to the allegations of plaintiff, Brennan Mitchell's Seaman's Suit ("Complaint") as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim against Defendant upon which relief can be granted.

**SECOND DEFENSE**

The Complaint is barred by the applicable period of prescription or statute of limitations or laches.

**THIRD DEFENSE**

**AND NOW,** without waiving any of the foregoing defenses, Defendant answers the allegations of the Complaint for Damages categorically and by paragraph:

1.

The allegations in Paragraph 1 call for legal conclusions and therefore no responses is required. In the event a response is deemed required, the allegations in Paragraph 1 are denied.

2.

Defendant admits that it is a domestic limited liability company with its domicile address at 19368 HWY 36, Covington, Louisiana, and that it can be served through its agent of service of process, Raymond B. Greenwell at that address. Except as explicitly admitted herein, the allegations in Paragraph 2 are denied.

3.

Defendant denies the allegations in Paragraph 3 for lack of sufficient information to form a belief therein.

4.

Defendant denies the allegations in Paragraph 4.

5.

Defendant denies the allegations in Paragraph 5.

6.

Defendant denies the allegations in Paragraph 6, including subsections (a) through (e).

7.

Defendant denies the allegations in Paragraph 7.

8.

Defendant denies the allegations in Paragraph 8, including subsections (a) through (h).

9.

Defendant denies the allegations in Paragraph 9.

10.

The unnumbered paragraph following Paragraph 9 constitutes a prayer for relief and, as such, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in the prayer for relief.

**FOURTH DEFENSE**

Defendant denies the allegations of any unnumbered and/or misnumbered paragraphs, any allegations contained in the prayer for relief, and any allegations contained in the Complaint which have not heretofore been specifically addressed.

**FIFTH DEFENSE**

Defendant expressly denies that plaintiff was a Jones Act seaman as that term is defined under the Jones Act and the laws of the United States of America and therefore he is not entitled to any remedies under the Jones Act.

**SIXTH DEFENSE**

Defendant avers that the plaintiff was not in the course and scope of employment or in the service of a vessel at the time of the events complained of and therefore plaintiff can have and make no recovery herein.

**SEVENTH DEFENSE**

Defendant specifically avers that plaintiff did not have a connection to a vessel or fleet of vessels in navigation that was substantial.

**EIGHTH DEFENSE**

Defendant avers that the area upon which plaintiff was working does not constitute a vessel in navigation, or in the alternative, was not a vessel owned or controlled by Defendant.

### NINTH DEFENSE

Defendant specifically avers that plaintiff was not its borrowed servant/borrowed employee at the time he sustained his alleged injuries.

### TENTH DEFENSE

The alleged accident claimed by plaintiff, and any claimed injuries and/or damages (if any), were the result of the fault and/or neglect of plaintiff, the particulars of which will be shown at the trial of this matter and which fault and/or neglect are pleaded as a bar to and/or in diminution of plaintiff's recovery herein.

### ELEVENTH DEFENSE

Defendant does not owe maintenance and cure to plaintiff because plaintiff is not an employee of Defendant.

### TWELFTH DEFENSE

Plaintiff is not entitled to maintenance and cure because he does not qualify as a seaman.

### THIRTEENTH DEFENSE

Defendant specifically denies that it or anyone for whose actions it is or may be responsible in anyway, caused or contributed to the alleged accident claimed by plaintiff and any injuries, damages and/or losses resulting therefrom (if any); on the contrary, such alleged accident and claimed injuries and/or damages (if any) were caused by the fault and/or neglect of plaintiff and/or persons or parties for whom Defendant cannot be held responsible.

### FOURTEENTH DEFENSE

Defendant denies that the alleged accident claimed by plaintiff, and the claimed injuries and/or damages (if any), were caused or contributed to by any unsafe conditions caused or created

by Defendant, or by any equipment and/or conditions of such equipment and/or over an area, for which Defendant is or may be responsible.

## FIFTEENTH DEFENSE

Defendant avers that the plaintiff's alleged accident and/or claimed injuries and/or damages (if any) resulting therefrom were not a foreseeable consequence of any act or omission on the part of Defendant or anyone for whom Defendant may be held responsible.

## SIXTEENTH DEFENSE

Defendant avers that the plaintiff's alleged accident and any claimed injuries and/or damages resulting therefrom (if any), were the result of the usual and normal risks of plaintiff's occupation and/or were inherent in the activities being performed by plaintiff at the time of the alleged accident, which risks were assumed by plaintiff and which assumption of risk is pleaded as a bar to and/or in diminution of plaintiff's recovery herein.

## SEVENTEENTH DEFENSE

Defendant avers that plaintiff's claimed injuries and/or damages pre-existed and/or are otherwise unrelated to the alleged accident in suit.

## EIGHTEENTH DEFENSE

Defendant avers that the plaintiff has failed to mitigate his damages and his recovery is thus herein defeated or mitigated.

## NINETEENTH DEFENSE

Defendant is entitled to a set off from any recovery against it to the extent of any and all benefits or monies paid or payable to or on behalf of plaintiff from any sources.

**TWENTIETH DEFENSE**

Defendant avers that any negligence for which Defendant is allegedly responsible, such negligence being specifically denied, was in no way connected with the injuries for which plaintiff seeks recovery.

**TWENTY-FIRST DEFENSE**

If the plaintiff sustained any illness or injuries, which is specifically denied, then said illness or injury was caused by and/or contributed to and/or aggravated by the negligence of plaintiff or others for whom Defendant is in no way responsible.

**TWENTY-SECOND DEFENSE**

In the event Defendant is found responsible in any way to plaintiff, which is denied, Defendant avers that it is entitled to have the fault of plaintiff and the fault of any and all other parties and non-parties, quantified and allocated and any amounts found owing to plaintiff by Defendant be reduced to the extent of such fault.

**TWENTY-THIRD DEFENSE**

Defendant avers that plaintiff's damages arose as the result of a pre-existing and/or subsequently developed physical and/or mental condition which were neither caused nor aggravated by any act or omission by Defendant, thus barring or mitigating any recovery by plaintiff herein.

**TWENTY-FOURTH DEFENSE**

Defendant avers that any damages allegedly sustained by plaintiff were the result of intervening and/or superseding acts and/or causes which were the proximate and/or sole causes of those alleged damages, and for which Defendant or any other person, party, or entity for which Defendant would be responsible, was not responsible.

**TWENTY-FIFTH DEFENSE**

In the alternative, subject to and without waiving the foregoing, Defendant specifically contends that Defendant had no duty to provide plaintiff with a seaworthy vessel, and/or that such vessel was seaworthy in all manners and/or that Defendant provided Plaintiff with a seaworthy vessel.

**TWENTY-SIXTH DEFENSE**

In the alternative, in the event plaintiff is determined to be a seaman, Defendant avers that plaintiff is not qualified for maintenance and cure benefits under the U.S. Fifth Circuit's decision in *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547 (5th Cir. 1968).

**TWENTY-SEVENTH DEFENSE**

Further in the alternative, Defendant avers that plaintiff' injuries, if any, resulted from a condition that was open and obvious to plaintiff.

**TWENTY-EIGHTH DEFENSE**

In the further alternative, Defendant specifically alleges and avers that any damages allegedly sustained by the plaintiff were due to a fortuitous event, an Act of God, or *force majeure* or other circumstances beyond Defendant's control or the responsibility of Defendant and were not proximately caused by any acts or omissions on the part of this Defendant or any other person, party or entity for whom it would be responsible.

**TWENTY-NINTH DEFENSE**

In the further alternative, Defendant avers that any and all injuries allegedly sustained by plaintiff, and any other potential claimants, occurred without its privity or knowledge and that the amount of damages sued for by the plaintiff exceeds the value of Defendant's interest in any vessel. Accordingly, Defendant invokes the benefit of provisions of the United States Code, Revised

Statutes of the United States of America and all acts amended thereof and supplement thereto in limitation of liability of ship owners, and in particular the ship owners limitation of liability 46 U.S.C. §30501, *et seq*.

## THIRTIETH DEFENSE

If the plaintiff sustained any illness or injuries, which is specifically denied, then said illness or injury was caused by and/or contributed to and/or aggravated by the negligence of plaintiff or others for whom Defendant is in no way responsible. Specifically, Defendant alleges and avers that plaintiff was negligent or at fault in the following particulars, but not limited thereto:

1. Failure to maintain a proper lookout;
2. Failure to see what he should have seen under the prevailing circumstances;
3. Failure to exercise reasonable care;
4. Failure to take proper precaution to avoid the alleged accident;
5. Failure to utilize safety measures available and/or instructions to prevent the accident; and
6. Any and all acts of negligence and/or assumptions of risk which will be proved at trial.

## THIRTY-FIRST DEFENSE

Defendant would show that if plaintiff was injured, which is specifically denied, such injury was caused by equipment and/or occurred in an area over which Defendant had no control or authority.

## THIRTY-SECOND DEFENSE

Defendant reserves its right to supplement, amend, or modify it affirmative defenses and answers to conform to such facts as may be revealed in discovery or otherwise.

**WHEREFORE,** the premises considered, Defendant, T. T. Barge Cleaning Mile 183, LLC prays that its Answer be deemed good and sufficient and, that after due proceedings be had, there be judgment herein in favor of Defendant, T. T. Barge Cleaning Mile 183, LLC and against plaintiff, Brennan Mitchell, dismissing his Complaint, at plaintiff's costs, and that Defendant, T. T. Barge Cleaning Mile 183, LLC be granted such other and further relief as equity and the justice of the cause may require and permit.

Respectfully submitted,

  /s/ Salvador J. Pusateri
Salvador J. Pusateri T.A. (#21036)
Aaron B. Greenbaum (#31752)
Elizabeth B. McIntosh (#36575)
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Salvador.Pusateri@pjgglaw.com
Aaron.Greenbaum@pjgglaw.com
Elizabeth.McIntosh@pjgglaw.com
Attorneys for T.T. Barge Cleaning Mile 183, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of March 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

  /s/ Salvador J. Pusateri